1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROSEMARIE THORSON,                          No.  2:22-cv-02101 TLN AC (PS)

12                Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   DEUTSCHE BANK NATIONAL TRUST
     COMPANY, et al.,
15
                  Defendants.
16

17

18        Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly

19   referred to the Magistrate Judge pursuant to Local Rule 302(c)(21).  Pending are two motions to

20   dismiss, one from each defendant: MTC Financial, Inc. (ECF No. 7) and Deutsche National Trust

21   Company (ECF No. 9).  Plaintiff opposed both motions in one document.  ECF No. 16.  MTC

22   Financial submitted a reply brief.  ECF No. 17.  The matter came on for hearing before the

23   undersigned March 29, 2023.  Plaintiff was granted additional time to submit additional

24   documents, which were filed (ECF No. 22) and have been reviewed by the court.  For the reasons

25   explained below, the court recommends that the motions to dismiss be GRANTED because

26   plaintiff's complaint is time-barred.

27   ////

28   ////

                                                 1

# I.  BACKGROUND

A.      Allegations of the Complaint

Plaintiff's complaint concerns a mortgage loan related to real property located at 4790 Windward Way, El Dorado, California.  ECF No. 1 at 3.  On or about June 14, 2004, plaintiff engaged in a loan transaction for the property with New Century Mortgage Corporation, predecessor to Deutsche Bank National Trust Company.  Id. at 4.  The Deed of Trust was recorded on June 23, 2004.  Id.  Plaintiff alleges that the loan disclosure documents given to her constitute "fraud due to failure to consummate the agreements, lack of full disclosure, notary misconduct, and having unclear concealed information and misrepresentations that hide relevant material facts about the terms and conditions of the loan transactions."  Id. at 5.  Plaintiff asserts the disclosure violations give the "the right to claim for the deed of trust and note subject to this transaction being null and void."  Id.  Defendants initiated foreclosure procedures on or around October 27, 2022.  Id. at 6.

B.      The Claims

Plaintiff presents claims for violation of the Truth in Lending Act (ECF No. 1 at 11-17), Accounting (id. at 17-22), Actual/Constructive fraud (id. at 22-28), Injunctive Relief (id. at 28-19), and Deceptive Trade Practices (id. at 29-31).  Injunctive relief is a remedy and not a cause of action, and therefore is not addressed below.

# II.  MOTION TO DISMISS

Defendants seeks dismissal on grounds that all causes of action are time-barred and that the complaint fails to state a claim upon which relief can be granted.  ECF Nos. 7 and 9.  Plaintiff's reply brief does not address timeliness.  ECF No. 16.  Plaintiff asserts that the issues presented by the defendants are solely questions for a jury and cannot be decided by the court.  ECF No. 16 at 3.  Plaintiff further argues that the application of the Federal Rules of Civil Procedure in this case violate her constitutional rights.  Id. at 7.  The court explained to plaintiff at hearing that a motion under Rule 12(b)(6) is appropriate and not in violation of plaintiff's constitutional rights.

////

A.      Dismissal Standards

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004) ).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

1    only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

2    of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

3    2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

4    opportunity to amend unless the complaint's deficiencies could not be cured by amendment.  See

5    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

6              B.        The Applicable Statute of Limitations Bars All Claims

7              Although defendants raise multiple grounds for dismissal with prejudice, plaintiff's claims

8    are clearly time-barred and therefore must be dismissed without leave to amend.  Accordingly,

9    the undersigned does not reach the alternative grounds for dismissal forwarded by defendants.

10   Though plaintiff does not address timeliness in her papers, she argued at hearing on the motion

11   that at the time of contracting, she relied on the honesty and trustworthiness of the professionals

12   she contracted with.  Only when the bank threatened to lock her out of her home in 2020 did

13   plaintiff realize that she did not understand many of the 2004 loan documents.  She hired a

14   mortgage audit company to review her mortgage, and this company found many abnormalities.

15   Various reports and an affidavit from a self-identified "fraud examiner" in Georgia named Bert

16   Falls, dated August 18, 2022, are attached to plaintiff's complaint at ECF No. 1 at 69- 217.

17             Every cause of action has its own statute of limitations – the period of time during which a

18   person may file a lawsuit – and each applicable statute of limitations is discussed below.  In

19   general, "[a] cause of action accrues [and the statute of limitations begins to run] when the claim

20   is complete with all of its elements."  Slovensky v. Friedman, 142 Cal .App. 4th 1518, 1528

21   (2006), as modified (citation omitted).  "Although this ordinarily occurs on the date of the

22   plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover

23   the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements."  Id. at

24   1528–29 (citations omitted).  "Plaintiffs are required to conduct a reasonable investigation after

25   becoming aware of an injury, and are charged with knowledge of the information that would have

26   been revealed by such an investigation."  Id. at 1529 (citation and alteration omitted).  "So long as

27   there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot

28   wait for the facts to find her."  Id. (citation omitted).

Here, all causes of action accrued, and the statutes of limitations began to run, when plaintiff signed her loan documents in 2004 because that is when all the elements of each claim were complete.  Plaintiff's primary argument against application of the time bar is that she only "discovered" the violations of her rights when she obtained a mortgage audit in 2022 after a default history led defendants to threaten foreclosure, and at the time she signed the documents in 2004 she relied on the honesty of the loan officers.  While the court is sympathetic to plaintiff's predicament, the fact that she relied on the honesty of the loan professionals at the time of contracting does not alter the facts regarding the statute of limitations.  A borrower cannot evade application of timeliness rules by failing to review or ensure her understanding of loan documents at the time they are issued.  Further, the complaint includes documentation that a Notice of Default was recorded at least as early as November 4, 2015.  ECF No. 1 at 60.  Such notice indisputably alerted plaintiff to the fact that the status of her mortgage was in jeopardy, and this should have led her to review the loan documents.

The court recognizes that plaintiff is not a loan or legal professional, and that this may seem a harsh and inflexible result, but it is required by the statute of limitations, which exists to provide finality to litigation and prevent stale lawsuits.  As the California Supreme Court has acknowledged:

> [A] statute of limitations. . . operates conclusively across-the-board. It does so with respect to all causes of action, both those that do not have merit and also those that do. That it may bar meritorious causes of action as well as unmeritorious ones is the price of the orderly and timely processing of litigation — a price that may be high, but one that must nevertheless be paid.

Norgart v. Upjohn, 21 Cal. 4th 383, 410 (1999) (internal quotation marks and citations omitted).

1.  Plaintiff's TILA Claims are Untimely

TILA, the Truth in Lending Act, separately provides a damages remedy and a right to rescind a loan agreement when the lender's disclosure statement is statutorily inadequate.  Truth in Lending Act §§ 125(a), 130; 15 U.S.C. §§ 1635(a), 1640(a); Ljepava v. M. L. S. C. Props., 511 F.2d 935, 940-41 (9th Cir. 1975); Semar v. PlatteValley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986).  To the extent plaintiff seeks rescission based on alleged TILA violations, her

1   claim is subject to a three-year statute of limitations.  See 15 U.S.C. § 1635(f).  Further, the Ninth

2   Circuit has squarely held that held that TILA rescission enforcement claims are subject to the

3   statute of limitations provided by state law for contract actions.  Hoang v. Bank of Am., N.A, 910

4   F.3d 1096, 1101 (9th Cir. 2018).  In Hoang, the Ninth Circuit held that "TILA does not provide a

5   statute of limitations for rescission enforcement claims. Accordingly, our precedent requires that

6   we borrow from analogous [state contract] law." 910 F.3d at 1101.  The Ninth Circuit expressly

7   rejected the "argument that no statute of limitations applies to TILA rescission enforcement

8   claims." Id. at 1102.  California provides a four-year statute of limitations for contract actions.

9   Cal. Civ. Proc. Code § 337.  Accordingly, plaintiff's claims are subject to a three or four-year

10  statute of limitations.

11      The loan at issue here was consummated and recorded in 2004.  ECF No. 1 at 4-5.  The

12  complaint in this case was filed more than fifteen years after the loan transaction at issue.

13  Plaintiff's TILA claims thus fall far outside the applicable statute of limitations, and must be

14  dismissed as untimely.

15      2.   Plaintiff's Fraud Claim is Untimely

16      Plaintiff raises a claim of fraud, ECF No. 1 at 22-28, but this claim is also untimely.

17  California Code of Civil Procedure § 338(d) sets a three-year limitations period for "[a]n action

18  for relief on the ground of fraud or mistake.  The cause of action in that case is not deemed to

19  have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or

20  mistake."  In general, "[a] cause of action accrues when the claim is complete with all of its

21  elements." Slovensky v. Friedman, 142 Cal.App.4th 1518, 1528 (2006), as modified (citation

22  omitted).  "Although this ordinarily occurs on the date of the plaintiff's injury, accrual is

23  postponed until the plaintiff either discovers or has reason to discover the existence of a claim,

24  i.e., at least has reason to suspect a factual basis for its elements." Id. at 1528–29 (citations

25  omitted).  "Plaintiffs are required to conduct a reasonable investigation after becoming aware of

26  an injury, and are charged with knowledge of the information that would have been revealed by

27  such an investigation." Id. at 1529 (citation and alteration omitted).  "So long as there is a

28  reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for

1  the facts to find her." Id. (citation omitted).

2      The allegations supporting this putative fraud claim are that information provided to

3  plaintiff in the original loan closing and signing process in 2004 included false representations

4  and omitted facts.  ECF No. 1 at 26.  Plaintiff's complaint is based on conduct that occurred more

5  than fifteen years ago, and plaintiff has had ample opportunity to investigate her loan documents

6  in the intervening period.  There is no theory under which a fraud claim could be timely.

7      3.  Accounting Claim is Untimely

8      The statute of limitations on a claim for accounting depends on the statutes of limitations

9  governing the underlying claims.  See  Jefferson v. J.E. French Co., 54 Cal. 2d 717, 719-20

10  (1960) (holding that the statute of limitations for a claim for accounting should be determined "in

11  the light of the principle that the nature of the right sued upon should be determinative rather than

12  matters of form and procedure").  Thus, the statute of limitations on plaintiff's accounting claim

13  cannot exceed four years, the longest statute of limitation applicable to the complaint.  Because

14  the facts on which this claim is based involve the loan origination over fifteen years ago, the

15  claim is untimely.

16      4.  Deceptive Trade Practices Claims are Untimely

17      Plaintiff's complaint is unclear as to the basis for her "deceptive trade practices" claim,

18  because it cites caselaw from other circuits and various other states without identifying a

19  particular law or statute as a basis for the claim.  ECF No. 1 at 29-31.  Regardless, these

20  remaining claims of general wrongdoing (e.g., lender failed to record the promissory note,

21  accounting, etc.) are each subject to a four-year statute of limitations.  See Cal. Code Civ. Proc. §

22  337 (applying a four-year statute of limitations onto any action "upon any contract, obligations, or

23  liability founded upon an instrument in writing; see also, Cal. Bus. & Prof. Code § 17208

24  (applying to UCL violations); Cal. Code Civ. Proc. § 343 (applying to claims for breach of

25  fiduciary duty).  As with the other claims, any deceptive trade practices claim is necessarily based

26  on events surrounding the issuance of the loan and is therefore untimely.

27      C.      Leave to Amend Would Be Futile

28      Although pro se plaintiffs are ordinarily given an opportunity to amend, Noll, 809 F.2d at

1448, amendment in this case would be futile because untimeliness is not a problem that can be solved by changes to the pleadings.[1]  There are no additional facts or alternative theories that could be added to the complaint to make the claims timely.  Accordingly, leave to amend is not appropriate.

### III.  CONCLUSION

It is hereby RECOMMENDED that defendants' motions to dismiss (ECF Nos. 7 and 9) be GRANTED and that this case be dismissed with prejudice because it presents only time-barred claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 12, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

[1]  The undersigned permitted plaintiff to submit additional documents following hearing on the motion to dismiss.  See ECF No. 22.  The court has reviewed the supplemental submission, and finds that the documents do not contain any information material to the statute of limitations analysis.  Neither do the documents include any information which could cure the deficiencies of the complaint.

8